UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:20-CIV-81880-CANNON

CITY OF NEW YORK,

Plaintiff,

v.

GLOBAL MEDICAL SUPPLY GROUP, LLC;
TYLER GELB; VICTORIA CONLEN;
FREDERICK LEVY; and NATIONS FAST
TAX & ACCOUNTING 2, INC.,

Defendants.
_____/

GLOBAL MEDICAL SUPPLY GROUP,
LLC,

Plaintiff,

v.

CITY OF NEW YORK and THE NYC
DEPARTMENT OF CITYWIDE
ADMINISTRATIVE SERVICES,

Defendants.
_____/

**CITY OF NEW YORK'S MOTION, PURSUANT TO FED. R. CIV. P. 56, TO ENFORCE
SETTLEMENT AGREEMENT AND FOR SUMMARY JUDGMENT
<u>AND INCORPRATED MEMORANDUM OF LAW</u>**

Pursuant to Local Rule 56.1 and Fed. R. Civ. P 56, the City of New York ("NYC") respectfully submits this Motion, and the incorporated Memorandum of Law, Pursuant to Fed. R. Civ. P. 56, to Enforce the Settlement Agreement and for Summary Judgment.

As the facts set forth in the accompany Statement of Material Facts and Declaration of Lucy C. Wolf ("Wolf Decl.") demonstrate, there is no genuine dispute as to any material fact and NYC is entitled to judgment as a matter of law. Simply put, defendant Nations Fast Tax & Accounting 2 ("Nations Fast") has breached the Stipulation of Settlement (the "Settlement Agreement") which called for it to pay NYC $15,000 by April 16, 2021. This money has not been paid. Accordingly, NYC seeks an order granting it summary judgment and enforcing the Settlement Agreement so as to receive its full payment and fully resolve the above-captioned case.

## ARGUMENT

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Milford Casualty Ins. Co. v William Stacey Meeks*, No. 20-13500, 2021 WL 1593271, at *3 (11th Cir. Apr. 23, 2021). Material facts are those "which might affect the outcome of the case" *E.S.Y., Inc. v. Scottsdale Ins. Co.,* 139 F. Supp. 3d 1341, 1350 (S.D. Fla. 2015) (quoting *Burgos v. Chertoff*, 274 F. App'x 839, 841 (11th Cir. 2008)) and there is a genuine dispute there an issue "may reasonably be resolved in favor of either party." *Levin v. Palm Beach Cty.*, No. 9:17-CV-80301, 2017 WL 5132699, at *3 (S.D. Fla. Nov. 6, 2017), *aff'd*, 752 F. App'x 734 (11th Cir. 2018) (citation omitted).

Although NYC has filed stipulations of dismissal as to its claims against defendants Global Medical Supply Group ("Global"), Victoria Conlen ("Conlen"), Tyler Gelb ("Gelb"), and

Frederick Levy ("Levy"), NYC and Nations Fast remain parties to the above captioned case. The Court retains jurisdiction over the instant dispute concerning the Settlement Agreement as the case has not yet been fully dismissed. *See Szanto v. Bistritz*, 743 F. App'x 940, 942 (11th Cir. 2018) (holding district court erred in dismissing case for lack of jurisdiction because "where the parties entered into a settlement agreement and then alleged a breach of the agreement before dismissal—the district court retained jurisdiction to enforce the terms of the settlement agreement."); *Brewster v. MSC Crociere, S.A.*, No. 14-60991-CIV, 2015 WL 13389793, *3 (S.D. Fla. Jun. 11, 2015) ("A district court has jurisdiction to enforce settlement agreements when one party refuses to abide by the agreement[.]") (quoting *Le Bon Pain, Inc. v. Guyon & Co., Inc.*, 720 F. Supp. 983, 984–85 (S.D. Fla. 1989)).[1]

Here, the record evidence establishes that there is no genuine dispute as to any material fact. NYC is entitled to judgment as a matter of law, and the Court should enforce the Settlement Agreement. Under the Settlement Agreement executed by NYC and Nations Fast on March 26, 2021 (Wolf Decl. Ex. 1), Nations Fast agreed to make two payments to NYC, one for $7,500 due on April 5, 2021 and a second for $7,500 due on April 16, 2021. NYC brings this motion for summary judgment in order to enforce the Settlement Agreement because, as of the date of this filing, NYC has not received either payment, in breach of the Settlement Agreement.

---

[1] On April 15, 2021, the Court issued an Order [ECF No. 63] requesting clarification of the stipulation of dismissal jointly filed by NYC and Global [ECF No. 62]. On April 19, 2021, the parties, including Nations Fast, jointly filed a Notice [ECF No. 64] responding to the Court's Order and clarifying the status of the settlement reached at the mediation. The parties' Notice further stated that the settlement conditions as to all parties, including Nations Fast, were expected to be met by the April 23, 2021 deadline set by the Court, and the parties expected the case would be fully dismissed by that date. At the time the Notice was filed, NYC was in receipt of the checks from Nations Fast, but had not yet learned that the checks could not be deposited. As such, the statement that the parties expected the case to be fully dismissed by the Court's April 23, 2021 deadline was accurate at the time, but has since proven to be inaccurate given Nations Fast's subsequent breach of the Settlement Agreement.

On April 13, 2021, eight days after the first payment was due, NYC received by FedEx two checks from Nations Fast, each for $7,500. Wolf Decl. Ex. 2. Inexplicably, the checks lacked check numbers and therefore could not be deposited by NYC's Fiscal Department, either through Mobile Deposit or manual deposit. Wolf Decl. ¶¶ 12-13.  On April 23, 2021, Lucy Wolf, counsel for NYC, alerted Steven Goerke, counsel for Nations Fast, by email as to the problem with the checks and asked for alternate payment, either by wire or certified check. Wolf Decl. Ex. 3. Hearing no response, Ms. Wolf again emailed Mr. Goerke on April 26, 2021, now ten days after the second payment was due. Wolf Decl. Ex. 4. Mr. Goerke responded, stating, "I will again follow-up with my client today." Wolf Decl. Ex. 5. To date, NYC has heard nothing further from Nations Fast or Mr. Goerke.

Under the Settlement Agreement, Nations Fast's failure to comply with the payment plan "entitle[s] NYC to accelerate the full remaining amount due[.]" Wolf Decl. Ex. 1 ¶ 2. Further, "Nations Fast will have five (5) days from receiving said notice to cure a default. If NYC does not receive the payment during the 5-day cure period, NYC will be entitled to enter a judgment against Nations Fast for the balance of the $15,000 not yet paid." *Id.* Here, NYC has noticed Nations Fast of the default on several occasions, including emails on April 23, 26, and 27 (Wolf Decl. Ex. 6). NYC is now "entitled to enter a judgment against Nations Fast" for the full $15,000.

Nations Fast has breached the Settlement Agreement. NYC now seeks an order granting summary judgment and enforcing the Settlement Agreement so that it can receive its full payment and fully resolve the above-captioned case.

WHEREFORE, for the reasons set forth above, NYC requests the Court enforce the Settlement Agreement and enter summary judgment in its favor.

Dated: May 5, 2021

Respectfully submitted,

s/ Michael A. Cardozo
Michael A. Cardozo (pro hac vice)
Lucy Wolf (pro hac vice)
Bryant D. Wright (pro hac vice)
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
Tel: (212) 969-3000
E-Mail: mcardozo@proskauer.com
E-Mail: lwolf@proskauer.com
E-Mail: bwright@proskauer.com

Matthew Triggs
Florida Bar No. 865745
PROSKAUER ROSE LLP
2255 Glades Road, Suite 421A
Boca Raton, FL 33431
Tel: (561) 241-7400
Fax: (561) 241-7145
E-Mail: mtriggs@proskauer.com
Secondary: florida.litigation@proskauer.com

Lindsey Olson Collins (pro hac vice)
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue, NW
Suite 600 South
Washington, DC 20004-2533
Tel: (202) 416-6800
E-Mail: lcollins@proskauer.com

*Attorneys for City of New York and the NYC Department of Citywide Administrative Services*

Brian T. Horan (pro hac vice)
Office of the New York City Corporation Counsel
100 Church St.
New York, NY, 10007
Tel: (212) 356-2297
E-Mail: bhoran@law.nyc.gov

*Attorneys for City of New York and the NYC Department of Citywide Administrative Services*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 5, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*s/ Matthew Triggs*
Matthew Triggs
